Hervey, J., filed a concurring opinion in which Richardson, Newell, and Walker, JJ., joined.
I agree with the Court's refusal of Desirae Monique Mata's petition for discretionary review because she cannot show that she suffered egregious harm from the erroneous jury instruction. However, I write separately to address an important topic.
Corroboration of Accomplices and Jail House Informants
Mata argues in her second ground for review that the court of appeals erred to rely on accomplice testimony to corroborate "jail house" informant testimony and on "jail house" informant testimony to corroborate accomplice testimony. Compare TEX. CODE CRIM. PROC. art. 38.14, with id. art. 38.075. The accomplice-witness statute states that "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed ...." TEX. CODE CRIM. PROC. art. 38.14. The "jail house" informant statute states that "[a] defendant may not be convicted of an offense on the testimony of a person to whom the defendant made a statement against the defendant's interest *583 during a time when the person was imprisoned or confined in the same correctional facility as the defendant unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed." Id. art. 38.075.
As is evident from the statutes, they implement the same prophylactic corroboration requirement, and we have said that they do so for the same reason,
Article 38.075 was enacted in recognition that incarcerated individuals have an incentive to provide information against other incarcerated individuals and that this testimony should be corroborated. Article 38.075's legislative history recognizes that "[t]he veracity of an in-custody informant's statement can be highly suspect," and that "[t]he testimony of [an] in-custody informant" should be corroborated by at least one other piece of evidence. Jailhouse-witness testimony is inherently unreliable due to the inmate's incentive to better his circumstances.
Similarly, accomplice-witness testimony must be corroborated because it is inherently unreliable due to the strong likelihood of finger-pointing. The testimony of an accomplice witness is untrustworthy, and it should be received, viewed, and acted on with caution.
Phillips v. State , 463 S.W.3d 59, 66 (Tex. Crim. App. 2015) (footnotes omitted).
The corroboration requirement in both statutes refers to "other evidence," but the statutes do not refer to each other. The "other evidence" requirement makes sense when there is testimony at trial from only an accomplice or a "jail house" informant, but what if there is-as in this case-testimony from an accomplice and a "jail house" informant? Can the accomplice's testimony corroborate the "jail house" informant's testimony and vice versa? The language of the statutes indicate that they could, but I am not convinced that is what the legislature intended because such an interpretation would seem to undermine the policy reason for the existence of both statutes. If the statutes exist to ensure that a person is not convicted on only unreliable testimony, why would it be okay to allow that so long as two unreliable witnesses testify instead of only one?
Perhaps the legislature considered this possibility and rejected it, although the legislative history does not indicate that is so. It is also possible, however, that the legislature did not consider such a scenario. Neither the judiciary nor the legislature has the ability to foresee every conceivable consequence of a law, and while it is not for the judiciary to add or subtract from lawful statutes enacted by the legislature, Seals v. State , 187 S.W.3d 417, 421 (Tex. Crim. App. 2005), the legislature may want to consider examining the interplay between these two statutes to ensure that they operate as intended when there is accomplice and "jail house" informant testimony in the same case.
Conclusion
With these comments, I concur in the Court's disposition.