Hervey, J., filed a concurring opinion in which Walker, J., joined.
I concur in the majority's disposition, but I write separately to address an issue which continues to deserve attention.
A defendant cannot be convicted upon the testimony of only an accomplice unless that testimony is "corroborated by other evidence tending to connect the defendant with the offense committed ...." TEX. CODE CRIM. PROC. art. 38.14 (accomplice-witness rule). Similarly, a defendant cannot be convicted upon the testimony of only a "jail house" informant unless the informant's testimony is "corroborated by other evidence tending to connect the defendant *685 with the offense committed." Id. art. 38.075 ("jail house" informant rule).
It appears that, as those laws are currently written, the testimony of an accomplice might be able to corroborate the testimony of a "jail house" informant and vice versa because the testimony of each would be "other evidence" under the statutes.[1] But as I noted in Mata v. State , 542 S.W.3d 582 (Tex. Crim. App. 2018) (Hervey, J., concurring on refusal of discretionary review), it seems illogical to allow two witnesses whose uncorroborated testimonies are insufficient to convict by themselves to corroborate each other, and I am not the only one who has reached this conclusion.[2]
However, the corroboration statutes that I have discussed are statutorily imposed sufficiency rules and are not constitutional in nature. The "mutual corroboration" issue that I address today appears to be one of public policy, which is firmly in the sphere of the legislature. It is not the role of the judiciary to decide whether the policy underlying a statute enacted by the legislature is a good one.
With these comments I concur in the judgment of the Court.

This is also an issue for the testimony of undercover peace officers and special investigators because their testimony must be corroborated as well. Tex. Code Crim. Proc. art. 38.141(a). Like the accomplice-witness and "jail house" informant laws, the undercover peace-officer statute does not prohibit the testimony of an undercover officer or special investigator from being corroborated by the testimony of an accomplice or "jail house" informant. The statutes simply do not refer to each other.

See 43A George E. Dix & John M. Schmolesky, Texas Practice Series: Criminal Practice and Procedure § 51.106 (3d ed. 2017) (stating that it would be absurd to permit an accomplice's testimony to be corroborated by the uncorroborated testimony of an undercover informer whose testimony must also be corroborated).
In the context of two accomplices who testify at trial, we have held that "it is a fundamental principle that the testimony of one accomplice witness cannot corroborate another accomplice witness' testimony," although we never explained the legal basis for that rule. Chapman v. State , 470 S.W.2d 656, 660 (Tex. Crim. App. 1971) (citing 24 Tex. Jur. 2d 331, 331 (1965) ); see Roberts v. State , 44 Tex. 119, 123 (1875) (citing 1 Waterman's Archbold on the Practice, Pleading and Evidence in Criminal Cases § 154 (1853) (in turn citing Rex. v. Noakes , 5 Car. & P. 326 (1832) ) ) ("If ... two or more accomplices be examined, the evidence of one is not deemed confirmed by that of the other, but the evidence of both requires to be confirmed by other testimony."). In Noakes , a proceeding of the Old Bailey, Justice Littledale explained that "[t]wo of [the defendant's] accomplices speak directly to him. If these statements were the only evidence against him, I should not advise you to convict upon their testimony." Noakes , 5 Car. P. at 328.
On the other hand, we have also stated much more recently that the accomplice-witness rule is not based "upon federal or state constitutional notions of sufficiency; there simply needs to be 'other' evidence tending to connect the defendant to the offense." Solomon v. State , 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). Thus, the issue could be one of only statutory interpretation, and I note that there is no basis in the language of the witness-accomplice statute that would warrant such an interpretation, nor in the other statutes discussed. They are simply silent on the matter of "mutual corroboration."